UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE LYNN THARP-PETRO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00761-SRC |
| AMERICA'S CAR-MART et al., | ) ) ) |
| Defendants. | ) |

**Memorandum and Order**

This case concerns Michelle Tharp-Petro's 2011 Honda Civic and America's Car-Mart's repossession of the vehicle. Representing herself, Tharp-Petro filed her petition and a host of motions in the Circuit Court of Franklin County, Missouri, and America's Car-Mart removed the case to this Court. In its notice of removal, America's Car-Mart couched Tharp-Petro's allegations as a claim under the Fair Debt Collection Practices Act with some supplemental state-law claims to go with it. But the face of Tharp-Petro's petition belies America's Car-Mart's cursory assumption in favor of subject-matter jurisdiction. Because the petition fails to present a federal question, this Court lacks subject-matter jurisdiction and, on that basis, *sua sponte* remands this case back to the Circuit Court of Franklin County.

**I.      Background**

On April 4, 2025, Tharp-Petro filed her "PETITION ON CONTRACT" in state court. Doc. 4 at 2 (The Court cites to page numbers as assigned by CM/ECF.). The Missouri state-law analogue to a federal complaint is a "petition." Mo. Sup. Ct. R. 55.01. In her petition, Tharp-Petro named America's Car-Mart, BMO Harris Bank, and the chief executive officer and chief financial officer of each company as defendants. *Id.* at 1–2. Tharp-Petro asserted causes of

action for breach of contract, fraud, and unjust enrichment and, for relief, requested monetary damages. *Id.* at 2–3.

Within a few weeks after filing her petition in state court, Tharp-Petro filed a motion for a temporary restraining order, doc. 6, a petition for a writ of replevin, doc. 5, a motion for hearing, doc. 7, and a motion for reconsideration, doc. 8. Of course, she filed these motions *after* she filed the petition, and the petition did not reference any of the motions; therefore, the petition did not incorporate them. Further, statements raised for the first time in motions or briefs cannot amend those in petitions. *See, e.g.*, *Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 80 (2d Cir. 2022); *cf. Crawford v. Gramex Corp.*, 208 F.3d 217, 217 (8th Cir. 2000) (per curiam).

At any rate, the amalgamation of Tharp-Petro's petition and her various motions evidence her frustration: America's Car-Mart repossessed her 2011 Honda Civic in April 2025, and she wants it back, along with monetary damages. *See, e.g.*, doc. 6 at 2–3. America's Car-Mart removed the case to this Court on the basis that, because Tharp-Petro's petition "allege[d] a claim under the" FDCPA, the petition "present[ed] a federal question." Doc. 1 at ¶ 2.

**II.    Standard**

A defendant may remove to federal court any state-court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). The federal court must remand the case to state court, however, if it appears at any time that the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). A court must resolve all doubts as to the propriety of exercising federal jurisdiction over a removed case in favor of remand to state court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

When the removing party invokes federal-question jurisdiction, the allegations within the removed petition govern the propriety of removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. The rule makes the plaintiff the master of the claim . . . ." (citation omitted)). Because plaintiffs control the allegations within their petition, they "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *e.g.*, *Moore v. Kansas City Pub. Schs.*, 828 F.3d 687, 691–92 (8th Cir. 2016).

### III.   Discussion

The Court lacks subject-matter jurisdiction over Tharp-Petro's claims for three reasons.

First, Tharp-Petro's petition does not present a federal question on its face. The well-pleaded complaint rule dictates that "federal jurisdiction exists *only* when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (emphasis added). And so when a defendant removes a case, but the federal court lacks subject-matter jurisdiction due to the plaintiff's complaint exclusively relying on state law, the federal court must remand the case back to state court. *See, e.g.*, *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (reversing lower court's denial of motion to remand because plaintiff's "state law claims d[id] not necessarily depend on the resolution of a substantial question of federal law").

In her "PETITION ON CONTRACT," Tharp-Petro mentioned three causes of action: breach of contract; fraud; and unjust enrichment. Doc. 4 at 1–2. With respect to jurisdiction and venue, she wrote that the state court "has jurisdiction over the matter pursuant to Missouri Law." *Id.* at 2. But Tharp-Petro did not allege any factual allegations in support of her claims. *See*

3

doc. 4. As a result, under the well-pleaded complaint rule, Tharp-Petro's petition failed to present a federal question on its face. *See Caterpillar Inc.*, 482 U.S. at 398–99; *Moore*, 828 F.3d at 693–94; *Cent. Iowa Power Coop.*, 561 F.3d at 919. Instead, Tharp-Petro asserted claims under Missouri law. *See* doc. 4 at 2.

Under a heading titled "FACTUAL OBLIGATIONS," Tharp-Petro claimed that "Defendant failed to rebut point for point [an] affidavit under the" FDCPA. *Id.* at 2. In its notice of removal, America's Car-Mart jumped at this lone reference, arguing that Tharp-Petro's petition "alleges a claim under the" FDCPA. Doc. 1 at ¶ 2. But as the Court explained, the face—and substance—of Tharp-Petro's petition belie this argument. *See* doc. 4 at 2. Further, a mere passing reference to a federal statute in a state-court petition that only seeks relief under state law cannot arise under federal law. *See State ex rel. Schmitt v. Page*, No. 4:21-cv-00948-SRC, 2021 WL 3286787, at *5 (E.D. Mo. Aug. 1, 2021) (remanding case where the plaintiff's petition contained only "a passing reference to the federal Free-Exercise Clause in a single paragraph").

Second, in Tharp-Petro's motion for a temporary restraining order and her motion for reconsideration, both filed in state court, she referenced the FDCPA in addition to Missouri law. *See* doc. 6 at 3 ("No valid notice of default or opportunity to cure was provided to [Tharp-Petro], in violation of Missouri statutes and the [FDCPA]."); doc. 8 at 1 ("America's Car-Mart failed to provide a Notice to Cure in accordance with the [FDCPA], and in violation of Missouri Revised Statutes Chapter 400."). But the well-pleaded *complaint* rule does not incorporate allegations made in subsequent motions. *See* 13D Wright & Miller's Federal Practice & Procedure § 3566 (3d ed. 2025) ("[T]he well-pleaded complaint rule stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and

ignore any extraneous material."); *cf. Caterpillar Inc.*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on *the face of the plaintiff's properly pleaded complaint.*" (emphasis added)).

Federal Rule of Civil Procedure 7 supports this limitation on the well-pleaded complaint rule as well. *Compare* Fed. R. Civ. P. 7(a) (defining "pleadings" to include "a complaint"), *with* Fed. R. Civ. P. 7(b) (outlining the requirements for a "motion"). But even assuming, for a moment, that America's Car-Mart could tack Tharp-Petro's faint references to the FDCPA in her various motions onto the allegations in her petition, the Court has serious doubts that such vague references would elevate Tharp-Petro's claims to arise under federal law.

And third, federal law does not completely preempt Tharp-Petro's state-law claims. "The artful pleading doctrine allows removal," notwithstanding the well-pleaded complaint rule, "where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "Complete preemption is 'rare' and arises under only a limited number of federal statutes . . . ." *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (quoting *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012)). The Supreme Court of the United States has recognized complete preemption by only four areas of federal law: the Labor Management Relations Act; the Employee Retirement Income Security Act; the National Bank Act; and Native American tribal claims to possession of property. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *Oneida Indian Nation of N.Y. State v. Oneida Cnty., N.Y.*, 414 U.S. 661, 679–82 (1974).

Here, Tharp-Petro's claims give no indication of complete preemption. As the Court explained, Tharp-Petro made only a passing reference to the FDCPA in her state-court petition. *See* doc. 4 at 2. Further, the FDCPA does not "provide[] the exclusive cause of action for the

claim[s] asserted" by Tharp-Petro—i.e., breach of contract; fraud; and unjust enrichment, doc. 4 at 2—"and also set forth procedures and remedies governing th[ose] cause[s] of action," *Anderson*, 539 U.S. at 8; *see* 15 U.S.C. § 1692n (prescribing that the FDCPA preempts only those state laws that "are inconsistent with any provision of" the FDCPA).

In the end, if there were any doubt as to the propriety of exercising subject-matter jurisdiction, the Court must resolve it in favor of remand. *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. Here, however, the Court has no doubt: "the face of" Tharp-Petro's petition reveals an "absence of federal-question jurisdiction." *Caterpillar Inc.*, 482 U.S. at 392; *see* doc. 4. Therefore, the Court must remand the case back to state court. 28 U.S.C. § 1447(c); *see, e.g.*, *Moore*, 828 F.3d at 693–94; *Cent. Iowa Power Coop.*, 561 F.3d at 919.

## IV.   Conclusion

Accordingly, the Court remands this case, in its entirety, to the Circuit Court of Franklin County, 20th Judicial Circuit of Missouri, and directs the Clerk of the Court to mail a certified copy of this order of remand to the clerk of the state court. A separate order of remand accompanies this memorandum and order.

So ordered this 29th day of May 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

6